**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 03-2350

THOMAS W. OLICK,

Plaintiff, Appellant.

─────────────────────────

RICHARD DUHAIME, ET AL.,

Plaintiffs,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, ET AL.,

Defendants, Appellees.

─────────────

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

─────────────

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

─────────────

Thomas W. Olick on brief pro se.
Edwin G. Schallert and Debevoise & Plimpton, LLP on brief for
appellees.

─────────────

July 14, 2004

─────────────

**Per Curiam**.  This appeal involves a dispute growing out of a massive class action against John Hancock Mutual Life Insurance Company and related defendants.  The underlying suit, brought on behalf of nearly four million policyholders, charged defendants with a number of deceptive sales and marketing practices.  In a December 1997 final judgment, the district court certified the class and approved a comprehensive settlement agreement imposing a series of remedial measures.  See Duhaime v. John Hancock Mut. Life Ins. Co., 177 F.R.D. 54 (D. Mass. 1997); cf. Duhaime v. John Hancock Mut. Life Ins. Co., 183 F.3d 1 (1st Cir. 1999) (collateral appeal).  One such measure enabled class members to obtain individualized relief through an alternative dispute resolution (ADR) process.

Appellant Thomas Olick, a former John Hancock agent and unnamed member of the plaintiff class, here complains about the manner in which his ADR claims were handled.  The ADR mechanism involves a two-tiered process.  A "claim review team" (CRT) consisting of John Hancock employees initially evaluates a claim based on objective scoring criteria prescribed by the settlement agreement.  A claimant may then appeal to an independent arbitrator, who reviews the claim de novo using the same scoring and relief criteria.  The arbitrator's decision is ordinarily binding. Pursuant to this process, Olick submitted claim forms for eleven separate policies held by himself and various family

-2-

members.  Under circumstances that are unclear from the record before us, defendants allegedly refused to accept seven of these claims for ADR resolution.  The remaining four were reviewed by the CRT and given the lowest score of "1."  After a hearing, an arbitrator raised the scores to "2."

When no awards reflecting these revised scores were immediately forthcoming, Olick filed a trio of motions.  First, in a "motion to compel and to grant sanctions," he accused defendants of violating the settlement agreement in two ways: (1) by refusing to comply with the arbitrator's decision (or even to furnish him with a copy thereof), and (2) by refusing to submit his other seven claims to ADR at all.  By way of relief, he sought an order compelling defendants to produce the arbitrator's decision and to offer awards consistent therewith; he also sought punitive damages for defendants' alleged "misconduct and contempt."  Second, Olick sought to intervene on behalf of a subclass consisting of former John Hancock agents and their families, contending that defendants during the CRT stage had improperly undervalued the claims submitted by such individuals.  Finally, Olick sought an emergency hearing.

While these motions were pending, defendants sent settlement offers to Olick on each of the four ADR claims; according to defendants, these offers complied in all respects with the arbitrator's decision.  Olick responded with a fourth motion.

-3-

Charging that the offers were "frivolous and substantially less" than what was mandated by the settlement agreement, he sought production of all documents employed by defendants in calculating those offers.

The district court summarily denied all four motions, but stated that the motion to compel and for sanctions was denied "without prejudice pending a showing that defendants have not complied with the arbitrator's decision, as they represent they now have." Olick unsuccessfully sought reconsideration without attempting any such showing. He now appeals. We affirm.

While the district court's 1997 final judgment authorized "action[s] to enforce the terms of the Settlement Agreement," Duhaime, 177 F.R.D. at 77, Olick has failed to carry his burden of establishing any breach thereof. With respect to the four claims that were submitted to the ADR process, it suffices to note the following. Olick's motions are partly moot, now that defendants have advanced offers in response to the arbitrator's decision. To the extent not moot, they are misplaced. Olick acknowledges receiving a "full and fair hearing" before the arbitrator and concedes that the arbitrator's determination is binding. His vague accusation that defendants' offers conflict with that determination is unsupported. And he has not otherwise satisfied the criteria for intervention. Under these circumstances, the district court did not err in withholding the relief requested.

With respect to the seven claims allegedly excluded from the ADR process, Olick asserts on appeal that he moved to "compel arbitration."  He also suggests that such a procedure is governed by the Federal Arbitration Act.  9 U.S.C. § 4.  Defendants, for their part, allege that such claims were the subject of earlier arbitration unconnected to the Duhaime litigation; Olick retorts that any such "res judicata defense" is one to be determined by the arbitrator, not the court.  Whatever the merit of these positions, Olick's premise is mistaken: he never did move below to compel arbitration of these claims.  In the motions under review here, the only thing he sought to "compel" was compliance with the arbitrator's decision.  With respect to the excluded claims, the only forms of relief requested were sanctions and punitive damages, and those were properly denied.  Whether Olick might still be able to compel arbitration of these claims is a matter we leave for resolution, if and when presented by proper motion, by the district court in the first instance.

Affirmed.