**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

Nos. 05-1485
 06-1209

RICHARD DUHAIME, ET AL.,

Plaintiffs,

_____

THOMAS W. OLICK,

Plaintiff, Appellant,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, ET AL

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Thomas W. Olick on brief pro se.
 Edwin G. Schallert and Debevoise & Plimpton LLP on brief for
appellees.

June 28, 2006

**Per Curiam**.   After pursuing an earlier appeal in this court, Olick v. John Hancock Mut. Life Ins. Co., 2004 WL 1563260 (1st Cir. 2004) (per curiam), and initiating further district court proceedings, appellant Olick again seeks appellate review. Assuming familiarity with our prior opinion, we affirm the orders in question substantially for the reasons recited by the district court, adding only the following comments.

First.   In No. 05-1485, appellee John Hancock suggests that our review does not encompass the November 30, 2004 ruling, but is instead confined to the February 28, 2005 order denying Rule 59(e) relief.   Although Olick sought to file a separate notice of appeal from each order, the first one was not accepted for filing, for reasons that he now challenges.   If it were true, as Olick asserts, that the first notice of appeal was rejected simply because it was unaccompanied by the required filing fee or because it listed the wrong "session identification" at the end of the case number, his challenge would have potential merit.   But we need not explore these issues.   Olick's intent being clear, and Hancock having suffered no prejudice, we conclude that the notice of appeal filed on March 21, 2005 sufficed to appeal from both orders.   See, e.g., Marie v. Allied Home Mtg. Corp., 402 F.3d 1, 8 (1st Cir. 2005).   The challenge to the court's refusal to extend the time to pay the filing fee is thus moot.

-2-

Second.  In No. 05-1485, just like in the prior appeal, Olick advances two basic complaints: (1) as to the four policies, he charges that Hancock has not made settlement offers that comply with the arbitrator's decision; and (2) as to the seven policies, he charges that Hancock improperly excluded them from the ADR process entirely.  Both arguments stumble right out of the gate.  As he now acknowledges, Olick has relied on the wrong version of the settlement agreement--the original version filed in June 1997, rather than the amended version filed in October 1997.  He attempts to shift the blame for this oversight, complaining that neither Hancock nor the court advised him of or provided him with the amended agreement.  Yet Olick had constructive notice thereof; the amended agreement was listed on the docket, for example, and was prominently mentioned in the district court's opinion adopting same.  See Duhaime v. John Hancock Mut. Life Ins. Co., 177 F.R.D. 54, 59, 62, 73 (D. Mass. 1997).  An affirmance here would be permissible on this basis alone.

Third.  Olick's claims with respect to the four policies also falter on other grounds.  We agree with the district court that Olick "has failed to demonstrate in any comprehensible fashion that the Hancock offer[s] indeed deviate[] from the arbitrator's award."  Moreover, Olick's arguments in this regard come too late.  Prior to the first appeal, the district court denied his motion to compel without prejudice to his making a showing of noncompliance

with the arbitrator's decision.  Olick sought reconsideration but attempted no such showing, and on appeal we dismissed the allegations of noncompliance as "unsupported."  Back before the district court, he stated that this court had "directed" him "to file proof" as to why Hancock's offers were insufficient; our opinion contained no such directive.  And we find nothing in the allegations now advanced that could not have been raised earlier.

Fourth.  In a separate argument concerning one of these four policies, Olick complains that Hancock has made no settlement offer at all.  He faults Hancock and the district court for "simply ignor[ing]" this allegation, but it is he who is in default.  He did not raise this matter in his August 2003 motion for reconsideration (after receiving Hancock's offers), nor on appeal (voicing no objection to our statement that offers on "each of the four" claims had been made), nor in the ensuing motion to compel compliance.  The first reference to the lack of such an offer appeared in the memo accompanying that motion, but no specific complaint was voiced in this regard.  Thereafter, neither in his motion for preliminary determination nor in his motion for sanctions did Olick raise the issue.  Understandably, therefore, the court did not discuss it in its November 30, 2004 decision.  Not until the memo accompanying his motion for reconsideration did Olick explicitly raise an objection about the lack of an offer.  While we do not know if the charge is true (the record on appeal

-4-

neither confirms nor refutes it), Olick has forfeited his opportunity for judicial review thereof. See, e.g., Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 189-90 (1st Cir. 2004) (noting "usual rule that parties cannot use Rule 59(e) motions to raise new arguments that could have been made before judgment issued or to undo their own procedural failures").

Fifth. The claims involving the seven policies were excluded from the ADR process on claim-preclusion grounds, inasmuch as claims involving those same policies had been the subject of a 1995 NASD arbitration award. In Olick's view, the preclusive effect of the prior arbitration was itself an issue for the arbitrator. He relies on three main arguments. He first asserts that determining arbitrability here is essentially equivalent to determining class membership: once the latter is established, all further disputes must go to arbitration. This argument sweeps too broadly, for it would deem arbitrable various disputes that have generally been held to be matters for the court. See, e.g., Marie, 402 F.3d at 11-15 (whether litigation-related activity amounts to waiver of arbitration); John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132, 137-39 (3d Cir. 1998) (preclusive effect of prior court judgment).

Olick also contends that the claim-preclusion issue is a question of "eligibility" to participate in the ADR process, which means that, like all such questions, it is to be resolved in the

same manner as substantive claims for relief--i.e., first by the CRT and then if necessary by the arbitrator. Whether or not Olick's characterization is correct, this argument is flawed; all eligibility questions are not resolved in that fashion, as a glance at the "preliminary review" provisions makes clear.

Finally, Olick alleges that two provisions of the settlement specifically contemplate that claim-preclusion issues would be handled by the arbitrator. The first calls for an award to be "offset" by any "prior relief" received by a claimant. Yet claim preclusion is not an "offset" mechanism. And this provision refers to "complaint[s] filed with" Hancock, which is not the situation here. The second provides that, absent a written request for exclusion, a class member would be bound by the settlement despite having "previously initiated ... individual litigation." The context makes clear that this refers to pending actions.

Moreover, the latter two arguments were untimely, having first surfaced in Olick's motion for reconsideration. Such tardiness is especially notable given the earlier round of district court proceedings and our suggestion that Olick might again be able to raise the matter upon the filing of a "proper" motion.

Sixth. One of these seven claims made it through the CRT stage, only to be deemed ineligible prior to arbitration. Noting that all CRT decisions are binding on Hancock (with exceptions not here relevant), Olick argues that Hancock was obligated to accept

the CRT's implicit finding of eligibility.  Yet, as mentioned above, all eligibility questions are not submitted to the CRT, and Olick has provided no reason to think that the CRT actually considered that issue here.

Seventh.  As to the merits of the claim-preclusion issue, Olick does not argue that the 1995 NASD award was entirely lacking in preclusive effect, and properly so.  See Olick, 151 F.3d at 140 (noting "parties' intentional adherence to a binding principle of finality similar to res judicata as applied to arbitration awards rendered by the NASD").  Instead, he advances various reasons-- often, again, in untimely fashion--why claim preclusion should not apply here.  Each proves unavailing.  He asserts, with little elaboration, that the NASD claims and the class claims involved different matters entirely.  Yet a review of the available NASD materials (complaint, brief and ruling) demonstrates some overlap between the two sets of claims.  Indeed, the degree of overlap may be higher than first appears; the record contains a June 4, 1998 affidavit from Olick, submitted in connection with the class suit, which focuses on a key issue involved in the NASD arbitration (alleged misrepresentations that mortality costs would remain constant).

Olick also contends that his class claims could not have been pursued in the NASD arbitration because they relied in part on newly discovered evidence, some of which had been concealed by

Hancock. Yet he offers no description of such evidence. He contends that NASD rules forbid arbitration of disputes involving life insurance policies, but he took the opposite position before the NASD, with obvious success. And he emphasizes his pro se status at the time the NASD arbitration was initiated, but acknowledges that he subsequently obtained counsel who prepared the brief and attended the hearings.

Eighth. In No. 06-1209, Olick appeals from the denial of a recent motion asking that the November 30, 2004 ruling be vacated and the district court judge be recused. We see no basis for either request. Olick complains that he was not advised of various filings and that some of his own submissions were never filed. As to the former, docketed matters were listed on the docket. And Olick provides no support for his suggestion that he was entitled to be served with or notified of all class action filings. As to the latter, we note that Olick has been enjoined from filing further papers in this matter without court approval (a ruling not challenged on appeal). And what appears to be his chief complaint--that his first notice of appeal was not accepted for filing--is moot for the reasons indicated above.

Affirmed. The motion in No. 05-1485 to file a supplemental brief and appendix is denied.